[No. 22.   Second Appellate District.—July 20, 1905.]

WILLIAM NILES, Appellant, v. M. G. GONZALES et al., Respondents.

ACTION FOR RENT—LEASE IN NAME OF AGENT—PAYMENT OF RENT TO PRINCIPAL.—An agent authorized to execute a lease and to cause rents to be paid to the principal who executes it in his own name without any title in himself, and who has directed the rent to be paid to the principal, who received it until the property was sold to the tenant's wife, cannot maintain an action in his own name to recover rent.

ID.—EVIDENCE OF AGENCY.—A lease formerly made by the principal to the same tenant, her receipt of the rent, her contract with the plaintiff, and her deed to the tenant's wife were all competent as tending to establish the agency alleged in the answer, the authority of the principal, and its exercise by the plaintiff as agent.

ID.—ESTOPPEL OF TENANT—PROOF OF AGENCY OF LESSOR.—The proof of the agency of the lessor for a principal not named in the lease was not in furtherance of an attempt of a tenant to dispute a landlord's title.

ID.—ESTOPPEL OF AGENT AND PRINCIPAL.—The acts of the agent in representing himself only as agent for the principal, and declaring that he was executing the lease for her, and in not asserting ownership in himself, but directing the rent to be paid to her, estops him to deny that the lease was her contract, and that in executing it his intention was to bind her, and her authority for the lease and reception of rent accordingly would estop her from denying an execution in her behalf.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

A. B. McCutchen, and Ward Chapman, for Appellant.

The lessee could not dispute the lessor's title. (*Tewksbury* v. *Magraff*, 33 Cal. 237; *Peralta* v. *Ginochio*, 47 Cal. 459; *Holloway* v. *Galliac*, 47 Cal. 475; *Eckles* v. *Booco*, 11 Colo. 522, 19 Pac. 465; *Ashton* v. *Golden Gate Lumber Co.*, (Cal.) 58 Pac. 1; *Alwood* v. *Mansfield*, 33 Ill. 452; *Stott* v. *Rutherford*, 92 U. S. 107; *Bedford* v. *Kelly*, 61 Pa. St. 491; *Lucas* v. *Brooks*, 18 Wall. 436; *Taylor* v. *Eckford*, 11 Smedes & M. 21; *Russell* v. *Irwin*, 38 Ala. 44.)

J. Wiseman McDonald, for M. G. Gonzales, Respondent.

The defendant was not estopped to show the title and authority of the principal. He had possession from the principal when the lease in question was executed in the name of the agent for the principal's benefit. (*Tewksbury* v. *Magraff*, 33 Cal. 245; *Franklin* v. *Merida*, 35 Cal. 558, 95 Am. Dec. 129; *Dam* v. *McGrew*, 82 Cal. 136, 23 Pac. 41; *Oneto* v. *Restano*, 89 Cal. 63, 26 Pac. 788; *Davidson* v. *Ellmaker*, 84 Cal. 22, 23 Pac. 1026; *Pacific Mut. Life Ins. Co.* v. *Stroup*, 63 Cal. 150.)

ALLEN, J.—This action to recover rent was originally commenced in a justice's court and certified to the superior court, upon a verified answer being filed showing that questions of title and possession to real property were involved. Judgment in superior court went for defendant. This appeal is from an order denying a new trial, and is based upon a statement.

Plaintiff's action was upon a written lease alleged to have been entered into between plaintiff and defendant. The answer admits the execution of a lease as set out in the complaint, but avers that as agent of Mrs. Tarr, the owner of the premises, plaintiff executed said lease for her and in her behalf, and denies that plaintiff was ever the owner of the premises. Alleges further that the rent had been paid to the said Mrs. Tarr up until the date when said owner sold said premises to the wife of defendant.

The finding of the court that the lease was made between the defendant and Mrs. Tarr was within the issues, and ample evidence appears in the statement to support such finding. It is insisted, however, that this evidence was improperly admitted; that it was in furtherance of an attempt of a tenant to dispute a landlord's title. We do not so understand the object of such proof. The lease of Mrs. Tarr formerly made, her receipt for the rent, the deed to Mrs. Gonzales, the contract between plaintiff and Mrs. Tarr, each and all were competent as tending to establish the alleged agency, the authority of Mrs. Tarr to create the same, and its exercise by plaintiff. While as a general rule those only are bound by a written contract to sign it, and others cannot be

held whose names do not appear therein, yet an exception to
this rule exists when evidence is admitted to show that it also
binds another who has authorized its signing, because the
act of the agent in signing an agreement in pursuance of the
authority is in law the act of the principal.   (*Estrella Vine-
yard Co.* v. *Butler,* 125 Cal. 238, [57 Pac. 980].)    The con-
tract between plaintiff and Mrs. Tarr in reference to the sale
contains a general authority to plaintiff to lease and assign
same, and to cause all rents to be paid to Mrs. Tarr.    The act
of plaintiff in representing himself as agent only, having the
rental paid to Mrs. Tarr, his concealment of his own interest
in the premises, and declaring that he was executing the same
for Mrs. Tarr, certainly ought to estop him from denying
that the contract was that of Mrs. Tarr, and that his intention
in its execution was to bind her.   Her authority for him to
lease and the receipt of the rent should estop her to deny an
execution in her behalf, were she even seeking to avoid the
same, which she is not.   Plaintiff had no interest in the prop-
erty at the date of the sale to Mrs. Gonzales and seeks to
establish none, had no authority at any time to receive the
rents, and nothing appears in the record indicating any right
of the plaintiff to maintain an action for any part of the
claim sued upon.

We find no error in the record, and the order appealed from
is affirmed.

Smith, J., and Gray, P. J., concurred.